IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01870-PAB

MARTIN GEOBANY TERRAZAS PALLARES,

      Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, in his official capacity,
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity,
JUAN BALTASAR,[1] Warden of the Denver Contract Facility, in his official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY, and
EXECUTIVE OFFICE OF IMMIGRATION REVIEW,

      Respondents.

---

**ORDER**

---

      This matter comes before the Court on Petitioner's Opposed Motion to Enforce Habeas Order and Request for Immediate Release [Docket No. 16]. Respondents filed a response, Docket No. 18, and petitioner filed a reply. Docket No. 19.

**I. BACKGROUND[2]**

      Petitioner is a citizen of Mexico. Docket No. 1 at 5, ¶ 18. Petitioner has resided in the United States since at least 2000.[3] *Id.* at 6, ¶ 28. On or about September 2,

---

[1] The proper spelling of this respondent's name appears to be Baltazar. *See, e.g., De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217 (D. Colo. Feb. 17, 2026).

[2] The following facts are undisputed unless otherwise noted.

[3] Petitioner does not allege the exact date that he entered the United States.

2025, Immigration and Customs Enforcement ("ICE") issued a Notice to Appear and detained petitioner.  *Id.* at 6, ¶ 26.  He is currently being detained at the Denver Contract Detention Facility.  *Id.* at 2, ¶ 2.  On April 30, 2026, petitioner filed a Petition for Writ of Habeas Corpus bringing a claim that his detention violates 8 U.S.C. § 1226(a).  *Id.* at 6-7, ¶¶ 25-31.  On May 18, 2026, the Court granted the petition and ordered respondents to provide petitioner a bond hearing where the government bears the burden of proving that petitioner's continued detention is justified.  Docket No. 11 at 5.

On May 21, 2026, petitioner filed a status report indicating that the immigration judge denied bond.  Docket No. 13 at 2.  On May 22, 2026, petitioner filed a motion to enforce the habeas order, asserting that the bond hearing did not comply with the Court's order.  Docket No. 16.  On May 28, 2026, respondents filed a response, Docket No. 18, and on June 2, 2026, petitioner filed a reply.  Docket No. 19.

## II.  ANALYSIS

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated."  *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010).

Petitioner argues that the bond hearing contravened the Court's May 18, 2026 order because respondents failed to satisfy their burden of proof and because the immigration judge relied on extra-record information.  Docket No. 16 at 1-2.  In support,

petitioner asserts that DHS introduced only two pieces of evidence at the hearing, and that this evidence contained material inaccuracies. *Id.* at 2. Petitioner argues that this evidence failed to establish that petitioner's continued detention was justified. *Id.* at 7-9.

Petitioner fails to show that the immigration judge misapplied the burden of proof; in fact, the immigration judge explicitly acknowledged that the burden of proof was on DHS. *See* Docket No. 16-4 at 1. Rather, petitioner asks the Court to reweigh evidence presented at the bond hearing, in violation of § 1226(e), and find that the evidence was insufficient to meet DHS's burden. This the Court will not do. Thus, petitioner fails to show that respondents did not comply with the Court's May 18, 2026 order. The Court will deny petitioner's motion to enforce.[4] *See Jovel v. Noem*, 2026 WL 1430041, at *2 (D.N.M. May 21, 2026) (denying petitioner's motion to enforce where "[t]he record demonstrates that the IJ applied the burden-shifting framework required by this Court's prior order"); *Tepehua-Tlapaltotoli v. Noem*, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026) ("Nothing in the recording demonstrates that the IJ failed to apply that burden-shifting framework. . . . This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed.").

## III. CONCLUSION

Therefore, it is

**ORDERED** that Petitioner's Opposed Motion to Enforce Habeas Order and Request for Immediate Release [Docket No. 16] is **DENIED**. It is further

---

[4] Petitioner filed a motion to expedite ruling on the motion to enforce. Docket No. 21. Because the Court has ruled on the motion to enforce, the Court will deny this motion as moot.

**ORDERED** that Petitioner's Motion to Expedite Resolution of Pending Motion to Enforce Habeas Order and Request for Immediate Release [Docket No. 21] is **DENIED as moot**.  It is further

**ORDERED** that this case is closed.

DATED July 16, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge